NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TALJINDER SINGH GILL, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No.   13-74454 Agency No. A200-236-147 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 14, 2019
San Francisco, California

Before:  WALLACE, TASHIMA, and McKEOWN, Circuit Judges.

Petitioner Taljinder Singh[1] is a citizen of India who entered the United

States in 2011. Singh expressed fear of returning to India in removal proceedings

and applied for asylum, withholding of removal, and Convention Against Torture

(CAT) protection. The Immigration Judge (IJ) concluded that Singh had not

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1]      There are discrepancies in the record between whether Petitioner's surname is "Singh" or "Gill." We refer to him as "Singh" following the use in the briefs.

suffered persecution or demonstrated a well-founded fear of future persecution, that he could relocate within India if necessary, and that it was not more likely than not that he would be tortured if he returned to India. The IJ accordingly denied Singh all relief. The Board of Immigration Appeals (Board) affirmed, and Singh petitioned this court for review. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

All three of Singh's claims arise from the harm he suffered in the Punjab region of India because he is a Sikh and member of the Sikh-driven Mann Party. In 2009, rival Congress Party members stopped Singh's motorbike, pushed him, punched him, and threatened to kill him if he continued supporting the Mann Party. Singh was regularly harassed after this event, and the following year he was again severely beaten and threatened by Congress Party members. When Singh raised these attacks to the police, they criticized him, told him not to report the attacks, and suggested he join the Congress Party. The Board concluded that these events, separately or cumulatively, did not establish past persecution that would make Singh eligible for asylum. We review for substantial evidence, and "may reverse the decision of the Board only if the applicant shows that the evidence *compels* the conclusion that the asylum decision was incorrect." *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006) (emphasis in original).

We conclude that these facts did not compel the Board to find that Singh had

2

been persecuted. The attacks were almost a year apart, despite Singh's consistent public support for the Mann Party, and did not require significant medical attention. Thus, while Singh is correct that "[p]hysical violence ordinarily meets the requirement of severity that characterizes persecution as opposed to mere discrimination," *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 n.5 (9th Cir. 2003), the use of force in this case was not so extreme as to necessarily rise to the level of past persecution. *Cf. Gu*, 454 F.3d at 1020 (holding that violence against petitioner did not amount to persecution); *Hoxha,* 319 F.3d at 1182 (same); *Prasad v. INS*, 47 F.3d 336, 339-40 (9th Cir. 1995) (same). Additionally, because Singh did not demonstrate past persecution, he was not entitled to a presumption of future persecution, and he did not otherwise demonstrate a well-founded fear of future persecution. Singh's asylum claim therefore fails, and with it his withholding claim. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

As for Singh's CAT claim, the same failures in Singh's asylum claim show that the Board was not compelled to find that Singh would be tortured within the meaning of CAT if returned to India. Singh's CAT claim therefore fails.

We therefore deny Singh's petition on all three grounds. Because Singh never prevailed on his initial burden of showing past persecution, the burden never shifted to the government to show that he could safely and reasonably relocate. *See Afriyie v. Holder*, 613 F.3d 924, 934 (9th Cir. 2010). We thus do not reach whether

3

the Board erred in its analysis of Singh's ability to relocate, including whether its relocation analysis was sufficient under *Singh v. Whitaker*, 914 F.3d 654 (9th Cir. 2019).

**PETITION DENIED.**